**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DEWAYNE JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-02814-SHL-tmp |
| | ) | |
| WARDEN HENRY HOLIDAY, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DISMISSING AMENDED § 2254 PETITION WITHOUT PREJUDICE, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On July 7, 2026, pro se Petitioner Dewayne Jones, Tennessee Department of Correction prisoner number 556285, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 2.) On preliminary review, the Court directed Jones to file an amended petition that substantially follows the District's official § 2254 form. (ECF No. 5.) He filed an amended petition, which is now before the Court on preliminary review. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules.")

Jones's amended petition does not remedy any of the deficiencies identified in the Court's prior order. (See ECF No. 5.) For example, the Court advised Jones that his initial petition failed to satisfy Habeas Rule 2(c), which requires a petitioner to state "all grounds for relief" and "the facts supporting each ground." In his amended petition, Jones again alleges that his convictions are somehow unconstitutional based on his status as a "Free Moor," but none of his grounds for relief are supported by sufficient factual allegations. (See ECF No. 7 at PageID 39–44.)

The Court's initial screening order also directed Jones to address timeliness so that the Court could "proceed with preliminary screening." (ECF No. 5 at PageID 30.) Jones's amended petition fails to directly address timeliness and instead vaguely references random historical events, like the 1848 Treaty of Guadalupe Hidalgo and the Louisiana Purchase, without explanation. (ECF No. 7 at PageID 47–48.)

Jones has failed to comply with the Court's instructions in its initial screening order. (See ECF No. 5 at PageID 30.) Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a case when a Petitioner "fails . . . to comply with . . . a court order." And it is plainly apparent from Jones's amended petition that he is not entitled to relief under § 2254. A district court "must dismiss" a § 2254 petition where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See Habeas Rule 4.

For these reasons, the Amended Petition is **DISMISSED WITHOUT PREJUDICE**.

**APPELLATE ISSUES**

A prisoner bringing a petition under § 2254 cannot appeal without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). If the district court denies relief on a procedural ground without reaching the underlying constitutional claim, a COA should issue when the petitioner

demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because jurists of reason would not debate the Court's resolution of Jones's claims, the Court **DENIES** a COA.

A party seeking to proceed in forma pauperis on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). If the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)–(5). For the same reasons the Court denies a COA, the Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is **DENIED**.[1]

**IT IS SO ORDERED** this 24th day of September, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

[1] If Jones files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the date of entry of this order. See Fed. R. App. P. 24(a)(5).