**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DEWAYNE JONES,<br>Petitioner,<br><br>v.<br><br>WARDEN HENRY HOLIDAY,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02814-SHL-tmp |

**ORDER DENYING MOTION FOR RELIEF UNDER RULE 59(e)**

On October 20, 2026, pro se Petitioner Dewayne Jones, Tennessee Department of Correction prisoner number 556285, an inmate at the Northwest Correctional Complex, in Tiptonville, Tennessee, filed a motion seeking relief from this Court's September 24, 2026 Order and Judgment dismissing his amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 10.) Because Jones filed his motion within 28 days of the judgment, the Court construes it as seeking relief under Federal Rule of Civil Procedure 59(e). See In re Greektown Holdings, LLC, 728 F.3d 567, 574 (6th Cir. 2013) (stating that a post-judgment motion "filed within 28 days can be construed as a motion to alter or amend the judgment under Rule 59(e)").

For the reasons stated below, Jones's Rule 59(e) motion is **DENIED**.

Jones's amended petition was dismissed under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts because it was "plainly apparent . . . that he [was] not entitled to relief under § 2254." (ECF No. 8 at PageID 89.) As previously explained, Jones alleged that his convictions were somehow unconstitutional based on his status as a "Free

Moor," but none of his grounds for relief were supported by sufficient factual allegations. (Id. at PageID 88.)

The arguments raised in Jones's Rule 59(e) motion are difficult to follow. For instance, Jones argues that his convictions "are unconstitutional based on the 1786 Treaty of Peace." (ECF No. 10 at PageID 94.) He also asserts that the timeliness of his § 2254 petition "is subject[] to the supreme law of the land and bends to its will." (Id. at PageID 96.)

Relief under Rule 59(e) requires a showing of "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Betts v. Costco Wholesale Corp., 558 F.3d 461, 474 (6th Cir. 2009) (citation omitted). Relief under Rule 59(e) is an extraordinary remedy that should be granted sparingly because of the interests of finality and conservation of judicial resources. Cole v. Lester, No. 3:12-CV-00704, 2015 WL 1650275, at *1 (M.D. Tenn. Apr. 14, 2015) (citation omitted).

Jones does not address any of the Betts requirements in his motion. Instead, he offers a string on nonsensical assertions based on his claimed status as a Free Moor. (See ECF No. 10.) As such, Jones has not shown that he is entitled to Rule 59(e)'s extraordinary remedy. Therefore, his Rule 59(e) motion is **DENIED**.

**IT IS SO ORDERED**, this 3rd day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE